# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (For Offenses Committed On or After November 1, 1987) |
| V. | |
| | Case Number: 04-CR-026-001-CVE |
| Brandon Gregory Outlaw | Allen M. Smallwood |
| | Defendant's Attorney |

**THE DEFENDANT:**

Pleaded guilty to Counts One, Two and Three of the Indictment on May 7, 2004.

Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 21 USC 846, 841(a)(1) and (b)(1)(C) | Conspiracy to Possess with Intent to Distribute Controlled Substances | 02-09-04 | 1 |
| 21 USC 841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Methylenedioxy Methamphetamine (MDMA), also known as Ecstasy | 06-26-03 | 2 |
| 21 USC 841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Cocaine | 06-26-03 | 3 |

As pronounced on June 30, 2005, the defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to 18 USC §3553(a).

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Signed this the _13th_ day of _July_, 2005.

Claire V. Eagan, Chief Judge
United States District Court

Defendant's Soc. Sec. No.: XXX-XX-7415
Defendant's Date of Birth: XX-XX-1972
Defendant's USM No.: 09461-062
Defendant's Residence and Mailing Address: XXX East XX Place, Tulsa, OK 74133

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of sixty-three (63) months as to each of Counts One, Two and Three of the Indictment. The terms of imprisonment as to each count shall run concurrently, each with the other.

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to a Bureau of Prisons' facility as close to Tulsa, Oklahoma, as possible.

The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

Before noon on November 2, 2005.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By: _____
     Deputy Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years as to each count. The terms of supervised release shall run concurrently each with the other.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. The defendant shall report in person to the Probation Office in the district to which the defendant is released as soon as possible, but in no event later than 72 hours of release from the custody of the Bureau of Prisons.
2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.
3. Unless specifically waived by the Court, the defendant shall submit to one drug test within 15 days of sentence or release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.
4. The defendant shall, at the discretion of the U.S. Probation Officer, cooperate with and submit to the collection of a DNA sample for submission to the Combined DNA Index System.

## STANDARD CONDITIONS OF SUPERVISION

1. You will not leave the judicial district without permission of the Court or probation officer.
2. You will report to the probation officer and submit a truthful and complete written report within the first five days of each month.
3. You will answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.
4. You will successfully participate in cognitive/life skills training or similar programming as directed by the probation officer.
5. You will support your dependents and meet other family responsibilities, to include complying with any court order or order of administrative process requiring the payment of child support.
6. You will work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7. You will notify the probation officer at least ten days prior to any change of residence or employment.
8. You will not frequent places where controlled substances are illegally sold, or administered; you shall refrain from excessive use of alcohol and will not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to such substances, except as prescribed by a physician.
9. You will submit to urinalysis or other forms of testing to determine illicit drug use as directed by the probation officer; if directed by the probation officer, you will successfully participate in a program of testing and treatment (to include inpatient) for substance abuse until released from the program by the probation officer.
10. You will not associate with any persons engaged in criminal activity, and will not associate with any person convicted of a crime unless granted permission to do so by the probation officer.
11. You will permit a probation officer to visit at any time at your home, employment or elsewhere and will permit confiscation of any contraband observed in plain view by the probation officer.
12. You will provide access to all personal and business financial information as requested by the probation officer; and you shall, if directed by the probation officer, not apply for or acquire any credit unless permitted in advance by the probation officer.
13. You will notify the probation officer within seventy-two hours of being arrested, questioned, or upon having any contact with a law enforcement officer.
14. You will not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the Court.
15. As directed by the probation officer, you will notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm your compliance with such notification requirements.
16. You will not possess a firearm, destructive device, or other dangerous weapon.

## ADDITIONAL CONDITIONS:

The defendant shall abide by the "Special Search and Seizure Condition" enumerated in General Order Number 99-14, filed with the Clerk of the Court on July 13, 1999.

The defendant shall abide by the "Special Financial Conditions" enumerated in General Order Number 99-12, filed with the Clerk of the Court on July 13, 1999.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties; payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine; (4) cost of prosecution; (5) interest; (6) penalties.

| ASSESSMENT | RESTITUTION | FINE |
|---|---|---|
| $300.00 | $0.00 | $3,000.00 |

### ASSESSMENT

It is ordered that the defendant shall pay to the United States a total special assessment of $300.00; $100.00 each for Counts One, Two and Three of the Indictment, which shall be due immediately.

### FINE

The defendant shall pay a $1,000.00 fine as to each count, for a total amount of $3,000.00. The interest requirement for the fine is waived by the Court.

The defendant shall pay the greater of $25 quarterly or 50% of income pursuant to the Federal Bureau of Prisons' Inmate Financial Responsibility Program. If a fine balance remains, payment is to commence 60 days following release from imprisonment to a term of supervised release in equal monthly payments of $100.00 over a period of 34 months, and thereafter as prescribed by law. Notwithstanding establishment of a payment schedule, nothing shall prohibit the United States from executing or levying upon property of the defendant discovered before or after the date of this Judgment.

If the fine and/or restitution is not paid, the Court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614. Pursuant to 18 U.S.C. §§ 3572(d)(3) and 3664(k), the defendant shall notify the Court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution. As set out in 18 U.S.C. § 3664(n), if the defendant receives substantial resources from any source, including inheritance, settlement, or other judgment, during the period of incarceration, the defendant shall apply the value of such resources to any restitution or fine still owed.

All criminal monetary penalty payments are to be made to the United States District Court Clerk, 333 West 4th Street, Rm. 411, Tulsa, Oklahoma 74103, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.